## Moody, Jr., *vs.* Travis.

1. There was no deficiency in the affidavit made for the foreclosure and enforcement of this laborer's lien, or in the execution which issued thereon, and which followed it, either as to the terms of the contract, or the time of its completion, or as to the demand made upon the defendant for payment and its refusal previous to taking out the process, or the enforcement of the liens, general and special within twelve months from the completion of the contract of labor, etc. In all these particulars, the affidavit met every requirement of the statute. Code, §1991.

2. The special lien of the laborer on the products of his labor, as well as his general lien upon the property of his employer, was likewise properly set up and enforced by this proceeding, and the proper

preference was given to the special liens in accordance with the law. Code, §§1975, 1974.

3. The evidence offered by the claimant to show outstanding title to the property claimed in a third person was properly rejected. 6 *Ga.*, 515 (h. n. 13), 529.

Judgment affirmed. (Head-notes by the court.)

May 1, 1886.

HALL, Justice.

[Sam. Travis made the following affidavit to foreclose a laborer's lien against Duncan McLauchlin:

"STATE OF GEORGIA—Decatur County.

"Before me in person came Sam. Travis, who, being duly sworn, says that he is a laborer, and as such did contract and agree with Duncan McLauchlin, during the latter part of the year 1884, to get out square timber and prepare it for market; that, in accordance with said contract, deponent did fell, score and hew 220 pieces of square timber, for which he was to receive from the said Duncan McLauchlin two 50-100 each; that said square timber was received and accepted by the said McLauchlin as per said agreement and contract; that deponent fully complied with and completed his part of said contract; that there is a balance due for said work and labor so rendered the sum of fifty dollars; that there is now 23 sticks of said timber situated and being in the 1188th district of said county, which deponent claims a lien on under and by virtue of said contract; that said sum of fifty dollars is now due and unpaid; that he has demanded payment of said sum of fifty dollars of and from the said McLauchlin in person since the same became so due and owing, and the said McLauchlin refused to pay the same; that twelve months have not expired since the completion of said contract of labor and since the said debt became so due and owing; and deponent makes this affidavit that his general lien upon the property of said Duncan McLauchlin and his special lien upon the products of his labor, to-wit, 23 sticks of hewn or square timber, as before described, may be foreclosed as the law directs. Deponent further swears that said McLauchlin is a resident of the 1361st district, G. M., of said county."

On this an execution was issued, and was levied on the timber mentioned in the affidavit and *fi. fa.*, and Jacob Moody, Jr., interposed a claim. The case was tried in a justice's court before a jury.

The claimant objected to the affidavit of foreclosure and

v 75–53

the *fi. fa.*, on the ground that it was not shown when the contract of labor was completed and ended, or that a demand for payment was made personally upon the defendant after the debt became due. The objection was overruled.

The defendant identified the timber levied on as the same on which the plaintiff had worked, and stated that the title was where it had always been.

Counsel for the claimant proposed to ask the defendant in whom the title was at the time of the trial, and if the timber did not belong to his wife and children. On objection, the justice rejected this question.

The evidence being closed, the jury found the property subject. The claimant petitioned for a *certiorari*, which was refused, and he excepted.]